# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30928
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2016

Lyle W. Cayce
Clerk

ALEBAMON MARINE SERVICES, L.L.C.,

      Plaintiff - Appellee

v.

OCEAN MARINE CONTRACTORS SCRAP DIVISION, L.L.C.,

      Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2453

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

This action arises from a disputed oral modification of a credit sales agreement between Alebamon Marine Services, LLC ("Alebamon") and Ocean Marine Contractors Scrap Division, LLC ("OMC").  The trial judge found the evidence and witness testimony to be favorable to Alebamon and we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30928

We review the factual findings from a bench trial for clear error and the legal issues de novo, giving "due regard … to the opportunity of the trial court to judge of the credibility of the witnesses." *Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000); Fed. R. Civ. P. 52(a)(6) ("[f]indings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.").

The terms of the original sales agreement provided that Alebamon would sell certain supply vessels to OMC for two installment payments totaling $1,674,722.00. OMC made two payments, but was short $300,000.00. The parties modified the agreement without a writing, establishing terms for OMC to pay the $300,000.00 balance. However, the parties dispute the terms. Alebamon asserts that OMC agreed to pay the outstanding balance within 90 days, with 12% interest, increasing to 18% if the balance was not paid after 90 days. OMC contends that the modification amounted to a loan by Alebamon, thus requiring express authority for OMC's Chief Financial Officer, Hoby Dillon, to enter into such loan. Confusingly, OMC also asserts that there was no loan, but insists instead that the oral agreement allowed OMC to defer the final payment until OMC could scrap the vessels.

The trial court determined that the modification was not a loan, but indeed a credit sale, and the court did not believe that Alebamon had agreed to defer OMC's outstanding balance until the vessels were scrapped. Accordingly, and within his discretion, the trial judge found the modified agreement to be as Alebamon asserted, but appropriately corrected the calculation of interest in the amended judgment. OMC has presented no evidence of clear error to justify disturbing this ruling.

AFFIRMED.

2